**SO ORDERED.**

**SIGNED this 22 day of December, 2016.**



                        **Stephani W. Humrickhouse**
                        **United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **KARL WILLIAM SCHWARZ**<br>**SHAUNA LYNNE SCHWARZ** | **09-10206-8-SWH** |
|      **DEBTORS** | |
| **AMERICORP FINANCIAL L.L.C.,** | |
|      Plaintiff, | **ADVERSARY PROCEEDING NO.** |
|      v. | **15-00044-8-SWH-AP** |
| **KARL WILLIAM SCHWARZ and SHAUNA**<br>**LYNNE SCHWARZ,** | |
|      Defendants. | |

**ORDER REGARDING CROSS MOTIONS FOR SUMMARY JUDGMENT**

The matters before the court in the above-captioned adversary proceeding are the parties' cross motions for summary judgment. A hearing was held on November 2, 2016, in Raleigh, North Carolina, at the conclusion of which, the court took the matter under advisement.

## BACKGROUND

Defendants Karl Williams Schwarz and Shauna Lynne Schwarz (collectively, the "defendants") filed the underlying chapter 7 case on November 23, 2009. Karl Schwarz ("Mr. Schwarz") is the owner and operator of a medical practice, Karl W. Schwarz, M.D., P.C (the "Practice"). Pre-petition, between August 2007 and October 2008, the Practice entered into seven equipment finance agreements with the plaintiff, Americorp Financial, L.L.C. (the "plaintiff"). Mr. Schwarz executed a personal guaranty of the Practice's obligations under each finance agreement. When defendants filed for bankruptcy in 2009, they listed the debt owed to the plaintiff on Schedule F of their petition. On March 10, 2010, the defendants received a discharge pursuant to 11 U.S.C. § 727, and their case was closed.

Prior to and during the pendency of the defendants' chapter 7 case, the Practice continued making regular payments on the finance agreements. However, in late 2012, the Practice became delinquent in payments under the agreements, leading to a default. In early 2013, the plaintiff, the Practice, and Mr. Schwarz, solely in his capacity as CEO of the Practice, entered into discussions regarding a potential forbearance agreement. On June 12, 2013, the Practice and both defendants, as guarantors, entered into a Forbearance Agreement, a provision of which was a Joint Guaranty of the Forbearance Agreement signed by both defendants ("Forbearance Agreement").

The Forbearance Agreement states that the "[Practice] is past due on each of the Equipment Finance Agreements and is in Default." Ex. B to Compl., Doc. No. 1 at 15. Among other things, the Forbearance Agreement contains a payment accommodation clause that modifies the Practice's original obligations by lowering the gross monthly payments and by extending the payment terms.

Otherwise, however, it provides that the equipment finance agreements are to continue in full force and effect.

On October 21, 2015, the plaintiff filed a motion to reopen the defendants' chapter 7 case in order to initiate the instant adversary proceeding. The case was reopened by order dated November 16, 2015. On November 24, 2015, plaintiff filed an adversary complaint seeking declaratory relief that the execution of the Forbearance Agreement did not violate the discharge injunction and that it is not an unenforceable reaffirmation agreement under § 524(c). On January 27, 2016, the defendants filed an answer and a counterclaim seeking a declaratory judgment that the Forbearance Agreement is an invalid reaffirmation agreement, and seeking damages for the plaintiff's alleged violation of the discharge injunction.

On September 12, 2016, the plaintiff filed a motion for summary judgment. The plaintiff contends that, with respect to Shauna Schwarz ("Mrs. Schwarz"), the Forbearance Agreement did not violate the discharge injunction, and that it is not an unenforceable reaffirmation agreement because Mrs. Schwarz did not owe any pre-petition debt to the plaintiff. Put simply, there was no pre-petition debt to discharge or reaffirm. With respect to Mr. Schwarz, the plaintiff maintains that it did not violate the discharge injunction or execute an invalid reaffirmation agreement because the Forbearance Agreement was an entirely new post-discharge contract, dependent upon wholly new consideration, and thus was not an attempt to collect on a discharged debt. On October 3, 2016, the defendants filed a response to the plaintiff's motion for summary judgment and noticed their intent to seek summary judgment as non-movants. On October 26, 2016, the plaintiff filed a response to the defendants' request for summary judgment.

**DISCUSSION**

A bankruptcy discharge extinguishes a debtor's personal liability on a debt, and specifically "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a). However, a discharge does not "prevent[] a debtor from voluntarily repaying any debt." § 524(f). "'Voluntary' as used in § 524(f) is defined 'in an objective sense as referring to repayment that is free from creditor influence or inducement, regardless of whether the debtor was motivated by forces unrelated to the creditor.'" Venture Bank v. Lapides, 800 F.3d 442, 447-48 (8th Cir. 2015) (quoting DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1023 (8th Cir. 2002)).

Mr. Schwarz's obligations under his pre-petition guaranties of the finance agreements were discharged in the chapter 7 case. § 727(b). There is no dispute that the Forbearance Agreement did not comply with the requirements of a reaffirmation agreement under § 524(c), so the first issue before the court is whether the Forbearance Agreement is an invalid reaffirmation agreement. An agreement between the holder of a claim and the debtor, "consideration for which, in whole or in part, is based on a debt that is dischargeable," constitutes a reaffirmation agreement and must meet the statutory requirements of § 524(c) to be valid and enforceable. § 524(c); Liptz & Roberts v. Stevens (In re Stevens), 217 B.R. 757, 760 (Bankr. D. Md. 1998). There is a line of cases holding that post-petition agreements supported by new and independent consideration are enforceable, notwithstanding a failure to comply with § 524(c). Minster State Bank v. Heirholzer (In re Heirholzer), 170 B.R. 938 (Bankr. N.D. Oh. 1994); In re Petersen, 110 B.R. 946 (Bankr. D. Colo. 1990). This court, in addition to others, finds that the reasoning employed by those courts runs afoul of the plain language of the statute. See Sandburg Fin. Corp. v. Am. Rice, Inc. (In re Am. Rice), 448

4

Fed. App'x 415, 420 (5th Cir. 2011) (noting that such cases have been "widely and seriously questioned"); Weeks v. Isabella Bank Corp. (In re Weeks), 400 B.R. 117, 122 (Bankr. W.D. Mich. 2009); In re Stevens, 217 B.R. at 760; In re Arnold, 206 B.R. 560, 566 (Bankr. N.D. Ala. 1997). This court therefore rejects the cases which "focus only on the existence of new consideration rather than whether the former discharged obligation constituted any part of the consideration." In re Stevens, 217 B.R. at 760. Instead, the court finds that unless the Forbearance Agreement is "not in any way supported by a promise by Debtor to pay the obligation due under the original [agreements]," it cannot be found valid and enforceable. Id. Accordingly, if the consideration for the Forbearance Agreement was based "in whole *or in part*" by debt that was discharged, it will not be found valid. § 524(c).

Here, with respect to Mrs. Schwarz, there was no pre-petition debt or obligation to the plaintiff. Accordingly, the Forbearance Agreement was not based in whole or in part by a dischargeable debt,[1] and it is valid as to Mrs. Schwarz. With respect to Mr. Schwarz, there was undoubtedly new consideration furnished in the form of the plaintiff's agreement to forbear on exercising its rights and executing new repayment terms. However, the Forbearance Agreement was based at least in part on Mr. Schwarz's original guaranty – the plaintiff advanced no new money, and the Forbearance Agreement contained an agreement to repay under the original financing agreements. See TD BankNorth, N.A. v. Ewing (In re Ewing), 365 B.R. 347, 349 (Bankr. D. Mass.

---

[1] The defendants argue that since the Forbearance Agreement is based in part on debt of Mr. Schwarz that was previously discharged, it is unenforceable as to both Mr. and Mrs. Schwarz, because § 524(c) refers to an agreement "based on *debt* that is dischargeable" without referencing any particular debtor. The defendants contend that the reference in § 524(c) to "debt" in actuality means *any* debt that is dischargeable. The court finds this to be a strained reading of § 524(c) and rejects this argument.

2007) (similar facts). As stated above, Mr. Schwarz's obligation under his pre-petition guaranty of the finance agreements was discharged in the chapter 7 case. Yet, the Forbearance Agreement provides that "[t]he remaining payments due under the Equipment Finance Agreements . . . shall be referred to as the '[Practice]'s Liabilities.'" Ex. B to Compl., Doc. No. 1 at 15. In turn, Mr. Schwarz's guaranty obligates him to "unconditionally and personally guarantee that [the Practice], . . . will make all payments and meet all obligations required under the above Forbearance Agreement AND WILL MEET ANY AND ALL DEBTS, *LIABILITIES* AND OBLIGATIONS OF EVERY NATURE OR FORM, NOW EXISTING OR HEREAFTER ARISING OR ACQUIRED . . . ." Id. at 19 (emphasis added). Further provided is that, except for the payment modification, which lowered the monthly payments and extended the repayment term, the equipment finance agreements "remain and shall continue in full force and effect . . . and [the Practice] hereby ratifies, affirms and confirms" such agreements and all obligations thereunder.

Essentially, in executing the Forbearance Agreement, Mr. Schwarz assumed the obligations that had previously been discharged in his chapter 7 case. "The fact that the [plaintiff] gave new consideration in exchange for the [Forbearance Agreement] does not change the fact that the consideration given by [Mr. Schwarz] was his promise to honor a discharged debt . . . ." Republic Bank of Calif., N.A. v Getzoff (In re Getzoff), 180 B.R. 572, 575 (B.A.P. 9th 1995). Accordingly, the court finds that the Forbearance Agreement is based in part upon a previously discharged debt, and is in fact an invalid and unenforceable reaffirmation agreement.

The court next considers whether there was a violation of the discharge injunction as to either of the defendants. As an initial matter, the court finds that there was no violation as to Mrs. Schwarz because, as noted above, she owed no debt to the plaintiff pre-petition, and thus there was no debt

that was discharged, and no discharge injunction to violate. Turning to Mr. Schwarz, although a discharge does not "prevent[] a debtor from voluntary repaying any debt," § 524(f) must be read in conjunction with, rather than in negation of, §§ 524(c) and (d). Cherry v. Arendall (In re Cherry), 247 B.R. 176, 183 (Bankr. E.D. Va. 2000). "[T]he provisions of § 524(f) do not validate repayments of discharged debts that are in any manner induced by the acts of the creditor." Van Meter v. Am. State Bank, 89 B.R. 32, 34 (W.D. Ark. 1988).[2] Accordingly, "allowing a debtor to sign a note which places him under the same obligation which he was subject to pre-discharge does not constitute a voluntary repayment by the debtor nor does it leave the debtor in [a] position to make a voluntary repayment under § 524(f)." Mickens v. Waynesboro Dupont Emps. Credit Union, Inc. (In re Mickens), 229 B.R. 114, 118 (Bankr. W.D. Va. 1999). This makes sense, because "if special procedures (reaffirmation) must be followed to allow an act (the creation of an agreement where a dischargeable debt serves as consideration) in spite of the discharge injunction, then, the act must be one which is subject to the discharge injunction of § 524(a)(2)." Id. at 117. The court has already determined that the plaintiff's actions were subject to, but ran afoul of § 524(c), and thus constituted an "act" for purposes of the discharge injunction. See id. By creating personal liability for Mr. Schwarz on a previously discharged obligation, the plaintiff violated the discharge injunction. Id. at 119 (finding that creditor violated discharge injunction by permitting and facilitating debtor's signing of a new note which returned him to his pre-petition position of personal liability). Allowing the execution of the Forbearance Agreement by Mr. Schwarz was an act to collect, not a mere voluntary payment.

---

[2]The Van Meter court further stated that the enactment of §§ 524(c) and (d) was intended to "forestall all inquiries about the voluntariness of discharge agreements with creditors by narrowly and rigidly defining what kinds of agreements were valid." 89 B.R. at 34.

The court finds that the execution of the Forbearance Agreement violated the discharge injunction as to Mr. Schwarz, and that summary judgment should be granted in Mr. Schwarz's favor as to the violation of the discharge injunction, but granted in the plaintiff's favor with respect to Mrs. Schwarz.

The issue of damages remains before the court. A violation of the discharge injunction is punishable by civil sanctions pursuant to § 105. Cherry v. Arendall (In re Cherry), 247 B.R. 176, 187 (Bankr. E.D. Va. 2000). The Fourth Circuit has adopted a two-part test to determine the issue of contempt sanctions: (1) whether the creditor violated the injunction, and (2) whether the violation was willful. Bradley v. Fina (In re Fina), 550 Fed. Appx. 150, 154 (4th Cir. 2014). The willfulness determination is akin to the standard used in determining whether a violation of the automatic stay was willful, In re Cherry, 247 B.R. at 187, and "requires only that the acts taken in violation of the injunction be intentional," In re Fina, 550 Fed. Appx. at 154. A hearing shall be set to determine whether the plaintiff's violation was willful, and if so, what damages are appropriate.

## CONCLUSION

With respect to Mrs. Schwarz, the court finds that the plaintiff did not violate the discharge injunction and that the Forbearance Agreement is valid and enforceable, and accordingly, summary judgment shall be granted for the plaintiff. With respect to Mr. Schwarz, the court finds that the plaintiff did violate the discharge injunction and that the Forbearance Agreement is an invalid and unenforceable reaffirmation agreement, and summary judgment shall be granted for Mr. Schwarz. A hearing shall be set to determine the issue of damages.

**END OF DOCUMENT**